UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| A.K.C., a minor by and through her Guardian ad Litem Steve Kim, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA; et al.,<br><br>Defendants. | SACV 09-01153 CJC (ANx)<br><br>**DISCOVERY MATTER**<br><br>STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF RECORDS BY ORANGE COUNTY DISTRICT ATTORNEY PURSUANT TO THIRD-PARTY SUBPOENA |

## **PROTECTIVE ORDER**

Having reviewed the Stipulation by and between Plaintiff, A.K.C., a minor, by and through Steve Kim, et al., and third-party witness and custodian of records, Orange County District Attorney's Office ("OCDA"), and their attorneys of record, and GOOD CAUSE APPEARING, the Court ORDERS the following:

OCDA shall produce all responsive records to the subpoena served by Plaintiff dated March 5, 2010; provided all records produced, ("Responsive records") be subject to the following ORDER:

**1.     GOOD CAUSE:  PURPOSE AND SCOPE**

Plaintiff served a subpoena duces tecum for documents to the OCDA; in response thereto, the OCDA is producing documents deemed privileged and/or confidential, and specifically the confidential records are those produced in response

to the subpoena duces tecum attached to the concurrently filed Stipulation for Protective Order. The documents to be produced are those documents held by the OCDA responsive to the following request: "Any and all documents and drafts of documents, including but not limited to reports, photos, investigation files, summaries, charts, graphs, diagrams, papers, memoranda, communications (including emails letters and messages), audio recordings, video recordings and handwritten and voice-dictated notes that refer tor relate to Susie Young Kim, her April 10, 2009, death and your investigation thereof."

OCDA objected to the production of the records on the basis that the investigation was pending and the responsive records to the request were privileged under both state and federal statutes including but not limited to the federal official information privilege. The information sought involves an investigation into the death of an individual and the subsequent investigation into the officers' conduct involved in the shooting. The records held by the District attorney include confidential witness statements, investigator notes, records regarding the cause of death and facts surrounding the death. Good cause exists to keep this information private. First, the investigation contains information on the victim which should not be released absent a protective order.

Releasing the records publically could have a impact on the individuals who were investigated, specifically those who are sworn officers. While the DA recognizes Plaintiff's need for the records, there is an overriding need to protect the privacy of the officers involved as well as any witnesses who provided information. The records may contain the names of witnesses who came forward and provided information during the investigation on the agreement that the information provided would remain confidential.

All Documents produced by the OCDA, as well as information extracted therefrom, shall be referred to as "Confidential Information," and shall be subject to this Protective Order.

**2. DURATION**

The confidentiality obligations imposed by this Protective Order shall remain in effect even after the termination of this litigation, and shall not be lifted without further order of this Court.

In the event that the case proceeds to trial, all of the Confidential Information becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**3. DESIGNATED CONFIDENTIAL INFORMATION**

**3.1.** Each party or non-party that designates Confidential Information for protection under this Protective Order shall ensure that such designation is not over-broad, and applies only to those materials, documents, items, or communications (or portions thereof) for which such protection is warranted.

**3.2.** Information may qualify as Confidential Information only if it has not been made public.

**3.3.** Confidential Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" on each page that contains Confidential Information, provided that such notation does not obscure or obliterate the document contents.

**3.4.** An inadvertent failure to designated Confidential Information does not waive the producing party's right to secure protection under this Protective Order.  If the producing party discovers after production of the Confidential Information that the information is lacking the appropriate designation, the producing party must timely notify the receiving party, who shall make reasonable effort to ensure that the

Confidential Information is treated in accordance with the provisions of this Order.

4. **TERMS AND CONDITIONS OF USE OF INFORMATION**

    **4.0.** The Responsive Records produced by OCDA pursuant to this Stipulated Protective Order shall be used solely in connection with the case of *A.K.C., a minor by and through her Guardian ad Litem Steve Kim, et al. v. City of Santa Ana, et al.*, Case No. SACV 09-01153 CJC (ANx) including any associated appellate proceedings and collateral review, and not for any other purpose;

    **4.1.** Confidential Information must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the person authorized under this Protective Order.

    **4.2.** Confidential information and information derived therefrom may not be disclosed in any form to anyone not covered under this protective order. If any other party to this civil litigation requests copies of the Responsive Records produced by the OCDA, counsel for OCDA shall first provide a copy of the Stipulated Protective Order to the requesting party. The requesting party shall confirm in writing that both the party and their attorney(s) of record shall be bound by the terms of the Stipulated Protective Order prior to disclosure of the requested records. The writing must also include consent by the party to whom disclosure is going to be made, to be subject to the jurisdiction of this Court with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including but not limited to a proceeding for contempt;

    **4.3.** Disclosure of Confidential Information designated "Confidential" shall be limited to the personnel and/or classification of persons listed below:

        **4.3.1** Any Party to this action and that Party's counsel;

    **4.3.2**  staff and personnel employed by counsel for any party to this action;

    **4.3.3**  the Court and court personnel, in connection with this litigation;

    **4.3.4**  during their depositions, witnesses who, from the face of the document, appear to have previously authored or received it; and

    **4.3.5**  experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

**4.4.** Confidential Information that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use Confidential Information must both (a) submit unredacted documents containing Confidential Information under seal and (b) file public versions of the same documents with the Confidential Information redacted.

**4.5.** Except as set forth in paragraph 4.5.1, counsel for any party to this action shall advise those individuals to whom disclosure of Confidential Information is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order in writing, prior to disclosure of Confidential Information. In the event such individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information shall be made to that individual.

The foregoing provision shall not apply to the disclosure of Confidential Information to the Court or the Court's staff.

**4.6.** Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to Confidential Information in any other court proceeding without further order of this Court.

**4.7.** The parties shall made good faith efforts to consent to the use of Confidential Information, and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.

**4.8.** Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

5. **CHALLENGES TO DESIGNATION OF CONFIDENTIAL INFORMATION**

   **5.1** Should a party challenge the confidentiality of information so designated, that party must do so in good faith, and shall confer directly with counsel for the producing party.

   **5.2** If the parties are unable to resolve the designation informally, the party challenging the designation may file and serve a motion under Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement (and in compliance with Civil Local Rule 79-5, if applicable), identifying the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the party designating Confidential Information. The designation of the challenged information shall remain unchanged until the Court rules on the challenge.

   **5.3** The production of Responsive Records and Testimony by OCDA pursuant to this Order shall not be deemed a waiver of the federal investigation privilege by the OCDA for any future purpose;

   **5.4** If Plaintiffs, Plaintiffs' counsel, or any other person, party or entity seeks relief from this Order, an appropriate noticed motion shall be served in advance on the Orange County District Attorney, through his attorney of

record, and all other parties;

6. **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

    6.1    If a receiving party learns that it has disclosed Confidential Information to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing party of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the Confidential Information from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto.  Should the Court determine that the receiving party intentionally disclosed Confidential Information to an unauthorized party, the Court may consider the imposition of sanctions, including but not limited to monetary sanctions and/or issue preclusion.

    6.2    Under no circumstances shall the receiving party file in the public record any Confidential Information, without written permission from the producing party or an Order of this Court, and only upon timely written notice to all interested parties.  The parties shall made good faith efforts to consent to the use of Confidential Information, and shall meet and confer to discuss redactions of particularly sensitive information.

7 **RIGHT TO ASSERT OBJECTIONS**

    7.1.    By the entry of this Protective Order, the parties are not waiving any rights that they might otherwise have to objecting to disclosure or production of information on any ground not addressed herein.  The parties do not waive any right to object to the use in evidence of the material covered by this Protective Order.


1     This Order may not be modified unless by written consent of the parties **and**
2 approval of the Court.
3     IT IS SO ORDERED.
4
5
6 June 25, 2010     *[signature]*
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28